**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MICHAEL SHANE FLETCHER,** | * |
| **AIS # 286416,** | * |
| | * |
| **Petitioner,** | * |
| | * |
| **vs.** | * CIVIL ACTION NO. 26-00195-KD-B |
| | * |
| **WARDEN CHANCE LEEDS,**[1] | * |
| | * |
| **Respondent.** | * |

**ORDER**

This action is before the Court on review.  Petitioner Michael Shane Fletcher ("Fletcher"), an Alabama prison inmate proceeding without an attorney, filed a petition for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254.  (Doc. 1).  This matter has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

---

[1] The instant habeas petition indicates that Chance Leeds is the Warden of St. Clair Correctional Facility, where Petitioner Fletcher is currently incarcerated.  (Doc. 1 at 1).  Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody."  Rules Governing § 2254 Cases, R. 2(a).  Accordingly, the Clerk is **DIRECTED** to list Warden Chance Leeds as the sole Respondent in this case and to terminate the State of Alabama as a Respondent.

1

**A.     Order to File Amended Habeas Petition**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "§ 2254 Rules"), the assigned judge "must promptly examine" the petition and dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."   § 2254 Rules, R. 4.   "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."   Id.   After initial review of Fletcher's habeas petition (Doc. 1), the Court concludes that it is necessary for Fletcher to cure certain deficiencies before his petition can be served on Respondent.

First, although Fletcher's petition is on the form required by this Court for a § 2254 habeas petition, Fletcher fails to follow the format set out in the form.   See § 2254 Rules, R. 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").  Most problematically, Fletcher fails to follow the format set out in Section 13 of the habeas petition form, which requires him to (1) specify each ground for habeas relief he is raising; (2) state the facts supporting each ground for relief without

2

citing cases or law; (3) indicate whether and how he raised each ground for relief before the state courts; and (4) if he did not raise a ground for relief before the state courts, explain why he did not.  Instead of following these steps, Fletcher refers to an appended petition for writ of habeas corpus that does not adhere to the format set out in the Court's form.  (See Doc. 1 at 6-9, 12-16).  In addition, Fletcher fails to fill out Section 12(d) of the habeas petition form, which asks whether he appealed the dismissal of his Rule 32 petition to the highest state court having jurisdiction.  (See id. at 5).

Second, Fletcher's petition is deficient as drafted because he asserts his grounds for relief in a vague and conclusory fashion and thus fails to comply with the heightened pleading requirements for § 2254 habeas petitions.  "The § 2254 Rules . . . mandate 'fact pleading' as opposed to 'notice pleading.'"  Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011).  "The mere assertion of a ground for relief, without sufficient factual detail, does not satisfy either the petitioner's burden of proof under 28 U.S.C. § 2254(e)(1) or the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (which requires a state prisoner to 'specify all the grounds for relief available to the petitioner' and 'the facts supporting each

3

ground')." <u>Reynolds v. Dunn</u>, 2022 U.S. Dist. LEXIS 54163, at *86-87, 2022 WL 895947, at *29 (N.D. Ala. Mar. 25, 2022).  The § 2254 Rules authorize summary dismissal of grounds for relief that are alleged in a vague and conclusory fashion and thus fail to comply with the fact pleading requirements for habeas claims.  <u>Borden</u>, 646 F.3d at 810.  The conclusory and threadbare assertions in grounds one through six of Fletcher's petition are insufficient to adequately convey the factual basis for his grounds for relief in this habeas action.  (<u>See</u> Doc. 1 at 13-16).  Without further development and factual context, his claims will be subject to summary dismissal for failure to comply with the applicable fact pleading requirements.

Third, Fletcher's petition does not indicate that he has exhausted all available state court remedies for his claims as required.  To obtain federal habeas corpus relief under § 2254, a person in custody under a state-court judgment "must have exhausted 'the remedies available in the courts of the state,' unless such remedies are absent or ineffective."  <u>Thomas v. Macon SP Warden</u>, 2024 U.S. Dist. LEXIS 6010, at *2, 2024 WL 1092510, at *1 (11th Cir. Mar. 13, 2024) (per curiam) (quoting 28 U.S.C. § 2254(b)(1)).  "[T]he purpose of the exhaustion requirement is to afford the state court 'the opportunity to pass upon and correct alleged violations

4

of its prisoners' federal rights.'"  Johnson v. Florida, 32 F.4th 1092, 1096 (11th Cir. 2022) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)).

Exhaustion has two essential requirements.  Id.  First, "to be exhausted, a federal claim must be fairly presented to the state courts."  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). A petitioner "must present his claim to the state court in a manner that would allow a 'reasonable reader' to understand the legal and factual foundation for each claim."  Johnson, 32 F.4th at 1096 (citing Kelley, 377 F.3d at 1344-45).  Second, a petitioner "must take his claim 'to the state's highest court, either on direct appeal or on collateral review.'"  Id. (quoting Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010)).  To exhaust a claim fully, a petitioner must first present any federal claim through "one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in that court, and a petition for discretionary review in the Supreme Court of Alabama.  Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam).  The exhaustion requirement applies to state

5

post-conviction proceedings as well as to direct appeals.  Pruitt
v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

Fletcher alleges that he raised "federal constitutional
claims including ineffective assistance of counsel and conflict of
interest" in a Rule 32 petition.  (Doc. 1 at 12).  He further
alleges that the Rule 32 petition was summarily dismissed without
an evidentiary hearing, and that the Alabama Court of Criminal
Appeals affirmed the dismissal and overruled rehearing.  (Id. at
12-13).  However, Fletcher does not allege that he raised his
federal constitutional claims in a petition for writ of certiorari
in the Alabama Supreme Court.  Therefore, Fletcher's petition does
not reflect that he has exhausted all available state remedies for
his claims.  See, e.g., Woods v. Stewart, 2018 U.S. Dist. LEXIS
119773, at *65, 2018 WL 3455686, at *20 (N.D. Ala. July 18, 2018)
(noting that ineffective assistance of counsel claim was not
exhausted because while petitioner "raised it in his Rule 32
proceedings in the circuit court and the Alabama Court of Criminal
Appeals, he failed to raise it in his petition for certiorari in
the Alabama Supreme Court"); Castillo v. Daniels, 2017 U.S. Dist.
LEXIS 14763, at *5-6, 2017 WL 741143, at *2 (M.D. Ala. Feb. 1,
2017) ("[Section 2254 petitioner] failed to exhaust the claims in
the state courts when he filed no petition for writ of certiorari

6

with the Alabama Supreme Court after the Alabama Court of Criminal Appeals affirmed the trial court's denial of his Rule 32 petition and denied his application for rehearing of the appellate court decision."), report and recommendation adopted, 2017 U.S. Dist. LEXIS 25821, 2017 WL 740999 (M.D. Ala. Feb. 24, 2017).

Fourth, Fletcher appears to raise grounds for relief challenging court rulings during the proceedings on his Rule 32 petition.  (See Doc. 1 at 15-16).  However, an alleged error with regard to proceedings on a Rule 32 petition does not provide a basis for federal habeas relief.  See Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief.").  Therefore, such claims should be omitted from any amended habeas petition filed by Fletcher.

In light of the deficiencies identified above, Fletcher is **ORDERED** to file an amended habeas petition on this Court's required § 2254 habeas petition form on or before **July 6, 2026.**  Fletcher must complete all applicable sections of the form, he must provide only the information requested in each section of the form, and he must strictly follow the format set out in the petition form.  If additional pages are needed to complete any section of the Court's § 2254 petition form, those pages must strictly follow the format

7

set out in the petition form.

Fletcher's amended petition must demonstrate that he has exhausted all available state court remedies for each of his claims. <u>If Fletcher has not fully exhausted any of his claims</u> <u>before the Alabama state courts, he should notify this Court</u> so that this matter can be dismissed without prejudice to Fletcher refiling a federal habeas petition once he has fully exhausted his state court remedies.

Fletcher's amended § 2254 habeas petition will completely replace his initial petition (Doc. 1). Therefore, Fletcher shall not seek to incorporate by reference any portion of his prior habeas petition.

**B.   Order to Pay the Filing Fee or File a Motion to Proceed Without Prepayment of Fees**

The Court further notes that Fletcher has neither paid the $5.00 filing fee for this habeas action nor filed a motion to proceed without prepayment of fees. Accordingly, Fletcher is **ORDERED** to either pay the $5.00 habeas filing fee **<u>or</u>** file a motion to proceed without prepayment of fees on or before **July 6, 2026.** If Fletcher elects to file a motion to proceed without prepayment of fees instead of paying the $5.00 filing fee for this habeas action, his motion must be on this Court's standard form for a motion to proceed without prepayment of fees in a prisoner action.

8

The motion must be fully completed and must include a certified copy of Fletcher's inmate account statement reflecting all transactions in Fletcher's prison trust fund account for the six (6) months immediately preceding the date of the filing of his initial habeas petition.

Fletcher is cautioned that if he fails to fully comply with all of the directives contained in this order within the prescribed time, the undersigned will recommend that this action be dismissed for failure to comply with the Court's order.  Fletcher is further cautioned that if he is transferred to a different institution or is released, he must immediately notify this Court in writing of his new address, or this action will be dismissed for failure to prosecute and to obey the Court's orders.

The Clerk is **DIRECTED** to send Fletcher blank copies of this Court's forms for a § 2254 habeas petition and a motion to proceed without prepayment of fees in a prisoner action, along with a copy of his initial habeas petition (Doc. 1) for his reference.

ORDERED this **4th** day of **June, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

9