**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL SHANE FLETCHER,** | * | |
| **AIS # 286416,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | **CIVIL ACTION NO. 26-00195-KD-B** |
| **vs.** | * | |
| | * | |
| **WARDEN CHANCE LEEDS,** | * | |
| | * | |
| **Respondent.** | * | |

**ORDER**

This action is before the Court on Petitioner Michael Shane Fletcher's motion to appoint counsel (Doc. 6). In the motion, Fletcher, an Alabama state prisoner seeking federal habeas corpus relief under 28 U.S.C. § 2254, asks for counsel to be appointed for him "due to mental health disorders" and "handicap disability." (Id. at 1). Fletcher states that he has "trouble reading and comprehending" and also has difficulty seeing what he is trying to read. (Id.).

There is no automatic constitutional right to counsel in a federal habeas corpus proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2254, but such appointments are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775

F.2d at 1438; see also 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Appointment of counsel "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).

Fletcher has not identified exceptional circumstances justifying the appointment of counsel, and he has not shown that the interests of justice require the appointment of counsel at the current stage of this § 2254 habeas proceeding. Fletcher's claims are not unusually factually complex or legally intricate. The record reflects that, notwithstanding his vague and generalized claims of "mental health disorders" and "handicap disability," Fletcher was not found incompetent by the state courts. Indeed, Fletcher has been able to sufficiently present his claims to this Court and has had no apparent difficulty generally understanding and complying with this Court's directives. Additionally, although Fletcher will be given an opportunity to reply to Respondent's answer, the parties' filings indicate that the issues in this case are capable of resolution based on the existing record and without an evidentiary hearing.

Accordingly, Fletcher's motion to appoint counsel (Doc. 6) is **DENIED without prejudice** to the Court's ability to revisit the

issue at a later juncture if warranted by the circumstances of the case.

**ORDERED** this **3rd** day of **November, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**